UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

IRINA PESCHANSKY

      Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

      Defendant.
_____)

## COMPLAINT

The Plaintiff, IRINA PESCHANSKY ("PESCHANSKY"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.  This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. PESCHANSKY brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2.  PESCHANSKY was at all times relevant a citizen of the United States of America and in all respects sui juris.

3.  PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, authorized to transact and is transacting business in the Southern District of

Florida.

4.     Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## **FACTUAL ALLEGATIONS**

5.     This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to PESCHANSKY.

6.     PESCHANSKY at all times material was an employee of The Bank of New York Mellon Corporation.

7.     PESCHANSKY was at all times material a plan participant under the Group Long Term Disability Plan issued to her employer, Group Policy No. G-24392-NY (the "LTD Plan"), which was established by her  employer who was the Plan Sponsor and Plan Administrator and pursuant to which PESCHANSKY is entitled to benefits.  A copy of the LTD Plan has been attached hereto as Exhibit "A."

8.     The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9.     PRUDENTIAL is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10.    As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination.  As such, PRUDENTIAL is not entitled to a deferential standard of review.

11.    PRUDENTIAL is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on PESCHANSKY's claim at issue.

12.     Pursuant to the terms and conditions of the LTD Plan, PESCHANSKY is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13.     According to the LTD Plan, disability is defined as follows:

**How Does Prudential Define Disability?**

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and

- you are under the *regular care* of a *doctor*; and

- you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

14.     At all relevant times, PESCHANSKY complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15.     Since approximately February 1, 2011, PESCHANSKY has been disabled under the terms of the LTD Plan.

16.     Since on or about February 1, 2011, PESCHANSKY has been unable to perform the material and substantial duties of her regular occupation due to sickness or injury.

17.     Since on or about February 1, 2011, PESCHANSKY has had a 20% or more loss in her monthly earnings due to sickness or injury.

18.     Since on or about February 1, 2011, PESCHANSKY has been unable to perform the duties of any gainful occupation for which she is fitted by education, training or

experience.

19.  At all relevant times, PESCHANSKY has been under the regular care of a doctor.

20.  At all relevant times, PESCHANSKY was a Covered Person under the LTD Plan.

21.  Shortly after becoming disabled, PESCHANSKY made a claim to PRUDENTIAL under the LTD Plan for disability benefits.

22.  PRUDENTIAL originally approved PESCHANSKY's claim for LTD benefits and paid benefits through June 30, 2015.

23.  By letter dated June 3, 2015, PRUDENTIAL terminated PESCHANSKY's benefits as of June 30, 2015.

24.  PESCHANSKY timely and properly submitted an appeal of PRUDENTIAL's June 3, 2015 denial.

25.  By letter dated January 7, 2016, PRUDENTIAL affirmed its previous denial and advised PESCHANSKY that all required administrative remedies had been exhausted.

26.  From July 1, 2015 to the present date, PESCHANSKY has not received benefits owed to her under the LTD Plan despite PESCHANSKY's right to these benefits.

27.  PRUDENTIAL has refused to pay PESCHANSKY's LTD benefits.

28.  At all relevant times, PRUDENTIAL was the payer of benefits.

29.  At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

30.  At all relevant times, PRUDENTIAL was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

31.  At all relevant times, PESCHANSKY has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

4

32.     PESCHANSKY has been forced to retain the services of the undersigned counsel in order

to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,
PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND
COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

33.     PESCHANSKY incorporates Paragraphs 1 through 32 as if fully set forth herein.

34.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits

under 29 U.S.C. §1132(a)(1)(B).

35.     Pursuant to 29 U.S.C. §1132(a)(1)(B),PESCHANSKY, as a participant under the LTD

Plan, is entitled to sue for judicial determination and enforcement of benefits.

36.     PESCHANSKY has no other adequate remedy at law to address the injuries she has

suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay her

disability benefits.

37.     PESCHANSKY has exhausted all administrative remedies under the LTD Plan.

38.     Defendant breached the LTD Plan and violated ERISA in the following respects:

(a)     Failing to pay LTD benefit payments to PESCHANSKY at

a time when PRUDENTIAL knew, or should have known, that PESCHANSKY

was entitled to those benefits under the terms of the LTD Plan, as PESCHANSKY

was disabled and unable to work and therefore entitled to benefits.

(b)     Failing to provide a prompt and reasonable explanation of

the basis relied upon under the terms of the LTD Plan documents, in relation to

the applicable facts and LTD Plan provisions, for the termination of

PESCHANSKY's claim for LTD benefits;

(c)     After PESCHANSKY's claim was terminated in whole or

in part, PRUDENTIAL failed to adequately describe to PESCHANSKY any

5

additional material or information necessary for PESCHANSKY to perfect her claim along with an explanation of why such material is or was necessary.

        (d)     PRUDENTIAL failed to properly and adequately investigate the merits of PESCHANSKY's disability claim and failed to provide a full and fair review of PESCHANSKY's claim.

39.    PESCHANSKY believes and thereon alleges that PRUDENTIAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which PESCHANSKY is presently unaware, but which may be discovered in this future litigation and which PESCHANSKY will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by PESCHANSKY.

40.    Following the termination of benefits under the LTD Plan, PESCHANSKY exhausted all administrative remedies required under ERISA, and PESCHANSKY has performed all duties and obligations on her part to be performed under the LTD Plan.

41.    As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, PESCHANSKY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42.    As a further direct and proximate result of this improper determination regarding PESCHANSKY's claim for benefits, PESCHANSKY, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), PESCHANSKY is entitled to have such fees and costs paid by PRUDENTIAL.

43.    The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, PESCHANSKY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, IRINA PESCHANSKY prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1.    Payment of disability benefits due Plaintiff;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

DATED:  February 16, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com